IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Apache Stronghold,<br><br>            Plaintiff,<br><br>vs.<br><br>United States of America, et al.,<br><br>            Defendants. | No.  CV-21-00050-PHX-SPL<br><br>**ORDER** |

     A preliminary injunction hearing is currently scheduled for January 27, 2021 at 9:00 a.m. (Doc. 13). In the Joint Notice filed January 20, 2021 (Doc. 16), Plaintiff requests the opportunity to present live testimony and that the hearing be open to the public. Defendants respond that because the briefing focuses on legal issues, an evidentiary hearing is unnecessary. The Court will grant Plaintiff's request, and the hearing will be conducted in person.

     The Court further reiterates its commitment to public access.  Although the standard is that federal district courts may not broadcast their proceedings, the Executive Committee of the Judicial Conference issued a guidance document that "approve[s] a temporary exception to the policy to allow a judge to authorize the use of teleconference technology to provide the public and the media audio access to court proceedings while public access to federal courthouses generally, or with respect to a particular district, is restricted due to health and safety concerns during the Coronavirus Disease (COVID-19) pandemic." Given the outbreak remains a national public health emergency, *see* General Order 20-02 (filed

January 10, 2021), telephonic access to the hearing will be permitted. Members of the public and the media seeking access are directed to email AZD-PIO@azd.uscourts.gov to obtain dial-in instructions. **Pursuant to Local Rule 43.1, participants are reminded that audiotaping court proceedings is prohibited**.

Accordingly,

**IT IS ORDERED** that the Preliminary Injunction Hearing set for **January 27, 2021 at 9:00 a.m.** (Doc. 13) before the Honorable Judge Steven P. Logan, United States District Judge, shall be held **in person** in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 505. In-person access shall be restricted to those participating in the hearing.

**IT IS FURTHER ORDERED** that Members of the public and the media seeking access to the hearing are directed to email AZD-PIO@azd.uscourts.gov to obtain dial-in instructions. **Pursuant to Local Rule 43.1, participants are reminded that audiotaping court proceedings is prohibited**.

**IT IS FURTHER ORDERED** that the parties shall **jointly** prepare and file a joint pre-hearing statement by **January 25, 2021 at 10:00 a.m.**, setting forth the following information:

    **A. COUNSEL FOR THE PARTIES**
        1. Plaintiff(s):
        2. Defendant(s):

*Note*: Include the mailing addresses, office phone numbers, and email addresses.

    **B. STATEMENT OF JURISDICTION**
        1. Cite the statute(s) that gives this Court jurisdiction.
        2. State whether jurisdiction is or is not disputed. If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.)

    **C. LIST OF WITNESSES**
        1. Each party shall *separately* list the names of witnesses, their respective

addresses, whether they are a fact or expert witness, a brief statement as to the testimony of each witness, **and whether the witness will be testifying in person, by video, or by telephone**. The witnesses shall be grouped as follows: (1) witnesses who <u>shall</u> be called at the hearing; (2) witnesses who <u>may</u> be called at the hearing; and (3) witnesses who are <u>unlikely</u> to be called at the hearing.

2. Additionally, the parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above and that party cannot rely on that witness having been listed or subpoenaed by another party."

**D. LIST OF EXHIBITS**

1. The following exhibits are admissible in evidence and may be marked as evidence by the Courtroom Deputy:
    a. Plaintiff(s) Exhibits:
    b. Defendant(s) Exhibits:
2. As to the following exhibits, the parties have reached the following stipulations:
    a. Plaintiff(s) Exhibits:
    b. Defendant(s) Exhibits:
3. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:
    a. Plaintiff(s) Exhibits:
    b. Defendant(s) Exhibits:
    c. Example:
        Exhibit No. 6 City Hospital records of Plaintiff from March 6, 1985

     Objection: Defendant objects for lack of foundation because (the objection must specify why there is a lack of foundation).

4. The parties shall include the following text in this section of the Joint Pre-Hearing Statement: "Each party hereby acknowledges by signing this **joint** pre-hearing statement that any objections not specifically raised herein are waived."

### E. LIST OF DEPOSITIONS TO BE OFFERED

1. The parties shall list the depositions that may be used at the hearing. The portions to be read at the hearing shall be identified by page and line number in the **joint** pre-hearing statement. Additionally, the party offering the deposition shall provide the Court with a copy of the offered deposition testimony. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy of such deposition shall be provided. Such copy shall contain each parties' highlighting (each party should use a different color).

2. The parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party hereby acknowledges by signing this **joint** pre-hearing statement that any deposition not listed as provided herein will not be allowed, absent good cause."

### F. ESTIMATED LENGTH OF HEARING

__ hours – Plaintiff(s) Case (including rebuttal, if any)

__ hours – Defendant(s) Case

__ hours – Total.

**IT IS FURTHER ORDERED** that each party shall submit **separate** Proposed Findings of Fact and Conclusions of Law by **January 26, 2021 at 12:00 p.m.** The Proposed Findings of Fact and Conclusions of Law shall be submitted by: (1) electronically filing a Notice of Filing with the Clerk of the Court, with the Proposed Findings of Fact and Conclusions of Law attached to the Notice; (2) providing a paper copy to chambers;

and (3) emailing a copy to Logan_Chambers@azd.uscourts.gov in Microsoft Word® format.

**IT IS FURTHER ORDRED** that Plaintiff shall submit a proposed form of preliminary injunction, including the proposed bond amount no later than **January 26, 2021 at 12:00 p.m.**

**IT IS FURTHER ORDERED** that the parties shall mark, list, and deliver exhibits and deposition materials in the manner prescribed in **Attachment A** no later than **January 25, 2021**.

**IT IS FURTHER ORDERED** that the parties shall email a "Joint Notice to Court Reporter" to the Court Reporter at Elva_Cruz-Lauer@azd.uscourts.gov no later than **January 25, 2021**. The Notice shall contain the following information:

A. Hearing Terms and Names:
   1. Proper names, including those of witnesses;
   2. Acronyms;
   3. Geographic locations;
   4. Technical (including medical) terms, names or jargon;
   5. Case names and citations; and
   6. Pronunciation of unusual or difficult words or names;
B. Feed and Transcript: Whether either party requests a real-time feed and/or daily transcript of hearing proceedings; and
C. Deposition(s): Concordance from key depositions.

///
///
///
///
///
///
///

## ADVISAL BY THE COURT

The Court will not allow the parties to offer an exhibit, a witness, or other information at the hearing that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Civil Procedure; and (3) listed in the Joint Pre-Hearing Statement, unless the offering party can show good cause as to why such party failed to comply with these requirements.

Dated this 21st day of January, 2021.

Honorable Steven P. Logan
United States District Judge

# ATTACHMENT A
# EXHIBIT AND HEARING MATERIAL INSTRUCTIONS
United States District Judge Steven P. Logan

**THE PARTIES ARE RESPONSIBLE FOR THE MARKING AND LISTING OF EXHIBITS, NOT THE COURTROOM DEPUTY, AND DELIVERY OF EXHIBITS AND OTHER TRIAL MATERIALS AS FOLLOWS.**

1. **Delivery**

    As set forth in this Court's Order, hearing exhibits and deposition transcripts shall be delivered to the Courtroom Deputy no later than **January 25, 2021**. The parties shall arrange a time with the Courtroom Deputy for the delivery of the hearing materials. The Courtroom Deputy may be contacted as follows:

    *Courtroom Deputy*: Lisa Richter

    *Phone*: (602) 322-7244

    *Email*: Lisa_Richter@azd.uscourts.gov

2. **Exhibit Lists**

    Exhibit lists shall be emailed to the Courtroom Deputy no later than **January 25, 2021**. At the time of delivery of the exhibits, the parties shall provide the Courtroom Deputy with one (1) original and two (2) copies of the exhibit list(s). The parties shall not provide the Courtroom Deputy with a copy of the Joint Pre-Hearing Statement in lieu of the exhibit list.

    Exhibits may be listed on the exhibit list attached or in a Microsoft Word® document that mirrors the same format. Be sure to leave enough space to add additional information, such as subparts and additional exhibits. Each page shall be completed to the end or finished with blank blocks. Extra blank pages for the exhibit lists should also be provided. The exhibit number and description should start the top of each block. *Use brief descriptions*.

3. **Witness Lists**

    Witness lists shall be emailed to the Courtroom Deputy no later than **January 25,**

**2021**. At the time of delivery of the exhibits, the parties shall also provide the Courtroom Deputy with one (1) original and two (2) copies of the witness list(s). The parties shall not provide the Courtroom Deputy with a copy of the Joint Pre-Hearing Statement in lieu of the witness list.

Witnesses may be listed on the witness list attached or in a Microsoft Word® document that mirrors the same format. Provide the full name of each witness and list them in alphabetical order. Names should be at the top of the block and extra spaces provided at the end of the list. Extra blank pages for the witness lists should also be provided.

**4.     Numbering of Exhibits**

The parties shall number the exhibits. Court time will not be used for the marking of exhibits and failure to comply with this directive will result in exhibits being remarked by the parties. The parties shall consult with one another prior to marking exhibits to *avoid marking duplicates*. If Plaintiff marks a document, Defendant should not mark the same document. The exhibits are considered court exhibits, not Plaintiff or Defendant exhibits. Either side may move the other's exhibits into evidence.

Blocks of numbers are assigned to each side: Plaintiff begins with number 1 through the estimated number of exhibits. Defendant begins with numbers following Plaintiff's block of numbers (e.g., Plaintiff 1 - 80; Defendant 100 - 150). The blocks of numbers should allow space for additional exhibits marked during trial. Please contact the Courtroom Deputy to arrange number block assignments.

The parties should only use numbers when identifying subparts of exhibits (e.g., subparts of Exh. No. 3: 3-1, 3-2, 3-3). Blocks of numbers may be used to categorize exhibits (e.g., series 1 - 99 are bank records; series 100 - 199 are tax returns; series 200 - 299 are photographs; etc.). Categorizing exhibits should be kept as simple and clear as possible. In bulky documents, BATES stamp numbers may be placed on each page in the bottom right corner and can be continuously numbered for easy reference.

**5.     Use of Exhibit Cover Sheets and Labels**

The parties shall use the exhibit cover sheet attached to affix to each exhibit. The parties shall print the exhibit cover sheets on colored paper; Plaintiff cover sheets should be Yellow, and Defendant cover sheets should be Blue. The exhibit cover sheet shall be stapled to the top of the original exhibit, and the exhibit shall be placed in a manila file folder numbered to correspond with the exhibit number. Prepare extra cover sheets to use for exhibits marked during trial.

If the paper exhibit is too large to staple, use a 2-hole fastener to fasten the exhibit together at the top of the page, with an exhibit cover sheet attached to the front of the exhibit. If the exhibit is a photograph or item smaller than 8" x 10", staple it to an exhibit cover sheet or place an exhibit label on the reverse side, lower right-hand corner. Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or may be marked in a logical location on the item or on the plastic bag containing the item. Large diagrams, charts, drawings, and other demonstrative or visual evidence should be identified in the lower right-hand corner with an exhibit label. If the item is an enlargement of another marked exhibit, it should be numbered as a subpart of the smaller exhibit. If exhibit labels are required, the parties shall request them from the Courtroom Deputy before *January 25, 2021*. As with exhibit cover sheets, Plaintiff labels should be Yellow, and Defendant labels should be Blue.

**6.     Use of Folders and Boxes**

Place exhibits loosely in manila file folders so that the exhibits may be pulled out of the folder during trial. Do *not* attach the exhibit to the manila file folder. Label the top of the folder to identify the exhibit number. Provide extra folders to the Courtroom Deputy for exhibits marked during the hearing. Place the exhibit folders in a box in numerical order. Mark the outside of the box to indicate which exhibits are contained within it. Leave room in the box for any extra exhibits that may be submitted during the hearing. *Do not place hearing exhibits in binders.*

**7.     Stipulated Exhibits**

**THE PARTIES MAY AGREE TO THE ADMISSION OF EXHIBITS**

**BEFORE THE HEARING. THE PARTIES SHALL INDICATE WHICH EXHIBITS THE PARTIES STIPULATE TO BE MARKED AS ADMITTED INTO EVIDENCE BY PLACING AN "X" IN THE COLUMN ENTITLED "STIPULATED' NEXT TO THE CORRESPONDING EXHIBIT ON THE EXHIBIT LIST ATTACHED.**

**8.     Redacted Exhibits**

**ANY REDACTIONS TO THE EXHIBITS SHALL BE COMPLETED BY THE PARTIES PRIOR TO THE HEARING. IF DURING THE COURSE OF HEARING REDACTIONS ARE NECESSARY, IT IS THE RESPONSIBILITY OF THE PARTIES TO IMMEDIATELY PROVIDE PROPERLY REDACTED VERSIONS TO THE COURTROOM DEPUTY.**

**9.     Impeachment Exhibits**

Impeachment exhibits shall be delivered to the Courtroom Deputy at the hearing *in a sealed envelope*. Each envelope should be marked with: (1) the caption of the case; (2) case number; and (3) the party presenting the exhibit. If there is more than one impeachment exhibit, each sealed envelope should be marked with a separate alphabetical letter for easy retrieval (e.g., A, B, C) and the Courtroom Deputy will assign it the next available hearing exhibit number if used at the hearing. The offering party shall be prepared to provide the Courtroom Deputy with a brief identifying description of the exhibit when offered at the hearing.

The parties are cautioned that if an exhibit has value *in addition* to impeachment, it is not an impeachment exhibit and must be marked, listed, and delivered in the manner prescribed for non-impeachment exhibits.

**10.    Depositions**

The party offering a deposition or a portion of a deposition shall provide a certified copy of the transcript in accordance with the federal rules. Portions of depositions to be used at trial shall be delivered to the Courtroom Deputy no later than **January 25, 2021**. Depositions are *not* to be marked as exhibits. Depositions shall be placed in alphabetical

order at the time they are delivered to the Courtroom Deputy.

11. **Sensitive Exhibits**

At the hearing, the Courtroom Deputy will not take custody of any sensitive exhibits. During lengthy breaks and at close of the day, these exhibits are returned to the parties until court resumes.

12. **Return of Exhibits**

All exhibits are returned to the respective parties for custody at the conclusion of hearing pending all appeals unless otherwise ordered by the Court. If a Notice of Return of Exhibits is issued and the exhibits are not retrieved within thirty (30) days, the exhibits may be subject to destruction or otherwise disposed of.

13. **Courtroom Technology**

The parties are encouraged to use the document camera or any other audio and video equipment available in the courtroom for presentation of evidence during trial. Should the parties have questions or wish to test courtroom equipment, they may contact the A/V Specialist at (602) 322-7131, but must do so no later than **January 25, 2021**. Information regarding the use of courtroom technology can be found on the District Court's website under "Electronic/Video Courtroom Equipment Information – Phoenix," located at http://www.azd.uscourts.gov/judges/judges-orders.

14. **Courtesy Copies for Judge**

**Exhibits**: A courtesy copy of hearing exhibits should be provided to the Judge at the time of the delivery of the hearing exhibits. Exhibits should be placed in 3-ring binders with numbered tabs to correspond with the exhibit numbers. The Judge's copies should *not* have original exhibit covers sheets on them. The parties should also provide the Judge with a CD-ROM disc or USB flashdrive containing an electronic copy of paper exhibits offered.

**Impeachment Exhibits**: A courtesy copy of impeachment exhibits for the Judge should also be provided to the Courtroom Deputy. The courtesy copy of an impeachment exhibit should be provided in a sealed envelope and marked "courtesy copy" along with an alphabetical letter for easy retrieval (e.g., A, B, C).

**Depositions**: The Judge should be provided with a courtesy copy of any deposition to be used at trial. The offering party shall highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one (1) copy of such deposition shall be provided. Plaintiff shall highlight in Yellow the portions it wishes to offer, and Defendant shall highlight in Blue the portions it wishes to offer.