JEAN E. WILLIAMS
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

TYLER M. ALEXANDER (CA Bar No. 313188)
REUBEN S. SCHIFMAN
Trial Attorneys
150 M St. NE, Third Floor
Washington, D.C. 20002
Alexander: (202) 598-3314
Schifman: (202) 305-4224
tyler.alexander@usdoj.gov
reuben.schifman@usdoj.gov

*Attorneys for Defendants*

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Apache Stronghold,<br><br>   Plaintiffs,<br>v.<br><br>United States of America, *et al.*,<br><br>   Defendants. | CIVIL NO. 2:21-cv-00050-SPL<br><br>**UNOPPOSED NUNC PRO TUNC MOTION TO FILE OVERLENGTH BRIEF** |

Federal Defendants hereby respectfully move, *nunc pro tunc*, for leave to exceed the 17-page limit imposed by Civil Local Rule 7.2(e) in Federal Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, ECF No. 18. Plaintiff does not oppose the motion.

This court has broad discretion to grant leave to exceed the page limits set forth in the Civil Local Rules. *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc). Courts in this circuit routinely grant such requests, thereby permitting full briefing of the issues. *See, e.g., EasyCare, Inc. v. Lander Indus., Inc.,* No. 4:08-CV-00665-TUC, 2011 WL 5419674, at *11 (D. Ariz. Nov. 9, 2011) (granting leave); *Rupe v. Beard*, No. CV-08-2454-EFS PC, 2013 WL 6859278, at *10 (E.D. Cal. Dec. 24, 2013) (granting *nunc pro tunc* leave to exceed page limit); *Bilyeu v. Morgan Stanley Long-Term Disability Plan*, No. CV-08-02071-PHX-SRB, 2015 WL 13745584, at *2 (D. Ariz. Mar. 5, 2015) (same).

Good cause exists to grant Federal Defendants leave to exceed the applicable page limits. First, Plaintiff's Complaint and Preliminary Injunction Motion raise complex claims, including several constitutional claims, and concerns a factual background relating to alleged treaty rights dating back to the 1800s. Plaintiff's motion for Preliminary Injunction was itself 18 pages and included six declarations totaling approximately 40 pages, yet did not address the likelihood of success on the merits factor in depth. Federal Defendant's Opposition addresses each preliminary injunction factor in depth, including Plaintiff's likelihood of success on the merits as to each of the Complaint's six distinct claims. Further, Federal Defendants endeavored to respond fully to Plaintiff's motion in the short time period since the motion was filed, cognizant of the approximately sixty day period in which the land swap at issue in this matter is set to occur. *Cf.* Blaise Pascal, Provincial Letters: Letter XVI (1657) ("I would have written a shorter letter, but I did not have the time.").

Granting Federal Defendant's the requested leave will ensure that the Court has the full benefit of Federal Defendant's analysis on the arguments and issues raised and

will aid in conserving the Court's resources as it evaluates the briefing on pending Motion for Preliminary Injunction as well as future briefing in this matter. For the foregoing reasons, Federal Defendants respectfully request that the Court grant its Motion for leave to file a brief in excess of the 17-page limit in Local Rule 7.2(h).

Submitted this 22nd day of January, 2020,

        JEAN E. WILLIAMS
        Deputy Assistant Attorney General
        U.S. Department of Justice
        Environment & Natural Resources Division

        */s/ Tyler M. Alexander*
        TYLER M. ALEXANDER
        REUBEN S. SCHIFMAN
        Trial Attorneys
        150 M St. NE, Third Floor
        Washington, D.C. 20002
        Alexander: (202) 598-3314
        Schifman: (202) 305-4224
        tyler.alexander@usdoj.gov
        reuben.schifman@usdoj.gov