**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Apache Stronghold,<br><br>            Plaintiff,<br>vs.<br><br>United States of America, et al.,<br><br>           Defendants. | No. CV-21-00050-PHX-SPL<br><br>**ORDER** |

On February 12, 2021, this Court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("PI") (Docs. 7 & 57). Plaintiff now requests the Court stay the Order denying the PI and grant an injunction pending its appeal to the Ninth Circuit pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1), or in the alternative, grant a limited 60-day injunction to "give the Ninth Circuit an opportunity to address Plaintiff's request for an emergency injunction on a less time-compressed schedule." (Doc. 61 at 2, 8).

Injunctions pending appeal are governed by Rule 62(d), which provides that: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction in terms for bond or other terms that secure the opposing party's rights." In evaluating a motion for an injunction pending appeal, the Court considers the same *Winter* factors considered for the preliminary injunction motions: (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of

equities, and (4) the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). However, the four factors may be evaluated on a sliding scale under this Circuit's "serious questions" test: "[a] preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *All. for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134- 35 (9th Cir. 2011).

Because the legal standard is the same, this Court reincorporates the analysis set forth in its Order denying Plaintiff's Motion for Preliminary Injunction (Doc. 57). Accordingly, Plaintiff is not entitled to a Rule 62(d) injunction pending appeal because it has not demonstrated a likelihood of success on, or serious questions going to, the merits of its claims. *See Krieger v. Nationwide Mut. Ins. Co.*, No. CV-11-1059-PHX-DGC, 2011 WL 3760876, at *1 (D. Ariz. Aug. 25, 2011) ("Because Plaintiff has failed to show a likelihood of success on the merits or the existence of serious questions, the Court will not issue a preliminary injunction. The Court need not address the other requirements for preliminary injunctive relief.").

Further, because the land exchange will not occur for at least 16 days, the Court need not grant a limited injunction to allow Plaintiff to seek a stay from the Ninth Circuit. *See, e.g.*, *Conservation Cong. v. U.S. Forest Serv.*, 803 F. Supp. 2d 1126, 1134 (E.D. Cal. 2011) (granting plaintiffs a mere 10-day stay to allow time for an appeal to the Ninth Circuit despite not raising serious questions to the merits of their claims); *W. Land Exch. Project v. Dombeck*, 47 F. Supp. 2d 1216, 1217 (D. Or. 1999) (granting a 60-day injunction only because "nothing will prevent the government from transferring the public lands to Crown Pacific and nothing will prevent Crown Pacific from immediately logging the forest stands"). Here, the Forest Service has stated under penalty of perjury that the conveyance will not occur until March 11, 2021 at the earliest. (Doc. 18-1 at ¶ 11). If Plaintiff wants the Ninth Circuit to address Plaintiff's request on a "less time-compressed schedule," it can seek a stay of the order denying the PI from the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2). Accordingly,

1     **IT IS ORDERED** that Plaintiff's Emergency Motion to Stay (Doc. 61) is **denied**.

2 Dated this 22nd day of February, 2021.

                                                              Honorable Steven P. Logan
                                                              United States District Judge